IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LANARD WILLIAMS; CHRISTOPHER
MABRY; CEDRIC CALDWELL;
and AVERY RICHARD,

Plaintiffs,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS; STEVEN UPTON,
Warden, Georgia State Prison;
WENDELL FOWLER, Deputy
Warden; DANE DASHER, Deputy
Warden; and CHRIS TUCKER,
Correctional Officer,

Defendants.

CIVIL ACTION NO.: CV611-011

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, who are or were incarcerated at Georgia State Prison in Reidsville, Georgia, through counsel, filed a cause of action pursuant to 42 U.S.C. § 1983, as amended. Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint, to which Plaintiffs responded. Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiffs assert that a fire occurred in the E-1 dormitory on February 2, 2009, and, at the time of the fire, Defendant Tucker was not at his post in the E-1 dormitory. Plaintiffs also assert that the fire alarm was set in silent mode to alert the control booth officer of a fire, but not the inmates. Plaintiffs contend that Defendant Upton allowed

Defendant Tucker to be away from his post, and Defendants Fowler and Dasher knew Defendant Tucker was away from his post at the time of the fire. Plaintiffs allege that Defendants allowed the fire alarm system to be silenced and set to visual alert only, which allowed a fire to burn unchecked for an extended period of time and resulted in dormitory/cell areas being completely filled with heat, flames, and thick black smoke. Plaintiffs aver that they were confined in their cells with no indication that they would get help. Plaintiffs claim that Defendants' actions resulted in violations of their rights to due process, amounted to cruel and unusual punishment, and were negligent acts.

Defendants contend that Plaintiffs Caldwell and Williams failed to exhaust their administrative remedies. Defendants also contend that Plaintiffs' claims against the Georgia Department of Corrections and Plaintiffs' monetary damages claims against the individual Defendants are barred by the Eleventh Amendment. Finally, Defendants contend that Plaintiffs' state law tort claims should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Exhaustion**

   A.  **Standard of Review**

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A

AO 72A
(Rev. 8/82)

judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

B. **Applicable Law**

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make

AO 72A
(Rev. 8/82)

specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Defendants state that they renew the exhaustion arguments made in their original motion to dismiss. Defendants assert that Plaintiffs Caldwell and Williams did not exhaust their administrative remedies because they did not pursue the formal grievance process after their informal grievances were resolved.

In support of their original motion to dismiss, Defendants submitted a copy of Standard Operation Procedure ("SOP") IIB05-0001, which is the Statewide Grievance Procedure applicable to the penal institutions under the operation of the Georgia Department of Corrections. (Doc. No. 8-3). Within the Georgia Department of Corrections, the grievance procedure is a three-step process. Blackerby v. McNeil, No. CV307-071, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). It commences with the filing of an informal grievance which must be filed within ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." Id. (Emphasis supplied). If an inmate is unsatisfied with the resolution of his informal grievance, a formal grievance form must be submitted within five business days. Id. (Emphases supplied). The Warden has thirty calendar days to respond to the formal grievance. Id. If the inmate is not satisfied with the Warden's response, he has five

4

business days to file an appeal; then, the Office of the Commissioner has ninety calendar days to respond. Id. The grievance procedure is terminated upon the issuance of an appeal response. Id. Inmates can grieve about "[a]ny condition, policy, procedure, action or lack thereof that affects inmates and is in the control of the Department of Corrections." (Doc. No. 8-3, p. 4). According to this SOP, "[t]he Department encourages that inmate complaints be resolved on an informal basis without the filing of a formal grievance." (Id. at p. 5). However, after the completion of the informal grievance procedure, "the inmate may decide that he wishes to pursue his complaint through the formal grievance procedure." (Id. at p. 7).

The SOP governing the grievance processes does not require inmates to access the formal grievance procedures if the inmates are satisfied with the resolution of their complaints at the informal level. In fact, this SOP specifically states that it is desirable to resolve complaints at the informal level. Defendants' contention to the contrary – that an inmate satisfied with the resolution of his informal grievance must still pursue the formal grievance process – goes against the very language of the relevant SOP. Additionally, the copy of the blank Informal Grievance Form asks whether the complaint was resolved, and if not (and only then), whether a formal grievance was requested. (Doc. No. 8-4, p. 2). It is only when a formal grievance form is requested that an inmate must pursue the formal grievance process, in the undersigned's estimation. The undersigned incorporates his previous findings on this matter, which the Honorable B. Avant Edenfield adopted as the finding of the Court:

> Plaintiff Williams filed Informal Grievance Number 6887 on February 3, 2009, and complained about after-effects of the fire the previous day. According to the documentation Defendants submitted, Plaintiff Williams' complaint was resolved, and he did not request a formal grievance. (Doc.

5

> No. 8-9, pp. 2-3). Thus, the grievance process was completed. Likewise, Informal Grievance Number 6138, which Plaintiff Cedric Caldwell filed on February 2, 2009, was resolved, and he did not request a formal grievance form. (Id. at pp. 18-19).

(Doc. No. 19, p. 10) (footnote omitted).

The undersigned recognizes Defendants' citation to cases arising out of the two (2) other Georgia judicial districts. However, and as Defendants note, these cases are no more than persuasive authority. Moreover, in accordance with Supreme Court dictates, the Georgia Department of Corrections' mandates, as set forth in SOP IIB05-0001, define what constitutes proper exhaustion. As discussed above, Plaintiffs Caldwell and Williams properly exhausted their administrative remedies before the Plaintiffs' Amended Complaint was filed. Defendants are not entitled to their requested relief.

## II.  Remaining Grounds of Defendants' Motion to Dismiss

### A.  Official Capacity Claims

Defendants contend that the Eleventh Amendment bars Plaintiffs' claims against the Georgia Department of Corrections. Defendants also contend that Plaintiffs' monetary damages claims against the individually named Defendants, in their official capacities, are barred by the Eleventh Amendment.

A State's "Department of Corrections is not amenable to suit [under § 1983] because it has immunity under the Eleventh Amendment." Leonard v. Dep't of Corr. Fla., 232 F. App'x 892, 894 (11th Cir. 2007) (citing Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989)). In addition, a lawsuit against prison officials in their official capacities is no different from a suit against the government itself; such defendants are immune.

AO 72A
(Rev. 8/82)

Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)).

Plaintiffs' claims against the Georgia Department of Corrections are barred by the Eleventh Amendment. Plaintiffs' monetary damages claims for alleged constitutional violations against the individually named Defendants in their official capacities would be claims against the State of Georgia and are barred. This portion of Defendants' Motion should be granted.

### B. Georgia Tort Claims Act

Defendants aver that Plaintiffs' state law tort claims are barred by the Georgia Tort Claims Act ("GTCA"), O.C.G.A. § 50-21-20, et. seq., which provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees, does not waive the State's sovereign immunity for tort actions brought against the State in federal court. Defendants contend that Plaintiffs' state law tort claims asserted against them in their individual capacities should be dismissed because the GTCA provides immunity to state officers or employees who commit torts while acting within the scope of his or her official duties or employment.

Plaintiffs aver that Defendant Tucker was away from his post at the direction of the other Defendants. Plaintiffs contend that Defendant Tucker was negligent by being away from his post and the other Defendants were negligent in allowing Defendant Tucker to be away from his post. Plaintiffs contend that Defendant Tucker being present would have been the only way to alert inmates of fire and to prevent or minimize serious physical injury.

AO 72A
Rev. 8/82

"[T]he Eleventh Amendment does not protect state employees sued in their individual capacity for employment-related acts." Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994) (citations omitted). However, under the GTCA, "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25(a). This is because a plaintiff "must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b).

State officers or employees acting within the scope of their official duties or employment are immune from personal liability under O.C.G.A. § 50-21-25(a) even when the actions of which they are accused constitute unauthorized torts that are intentional or malicious. See Ridley v. Johns, 274 Ga. 241, 242, 552 S.E.2d 853, 855 (2001); Tootle v. Cartee, 280 Ga. App. 428, 431, 634 S.E.2d 90, 93 (2006) (recognizing that immunity under the GTCA "has been construed broadly to include unauthorized tortious acts that occur during the time the officer or employee is engaged in performance of his official duties") (internal quotation marks and citations omitted); Davis v. Standifer, 275 Ga. App. 769, 772, 621 S.E.2d 852, 855 (2005) (holding that a Georgia State Patrol officer could not be sued individually in tort for allegedly sexually assaulting a woman during a traffic stop because "intentional wrongful conduct comes within and remains within the scope of employment" when the state employee acts within the scope of his official duties) (citations omitted); Hardin v. Phillips, 249 Ga. App. 541, 544, 574 S.E.2d 565, 568 (2001) ("[B]oth the provisions of the [GTCA] and the case law interpreting it demonstrate that the Act provides immunity from liability for torts

AO 72A
(Rev. 8/82)

committed during a state employee's performance of official duties without regard to intent or malice.") (alterations in original) (citation omitted); Mattox v. Bailey, 221 Ga. App. 546, 546, 472 S.E.2d 130, 130–31 (1996) (holding that under the GTCA an officer at a state correctional facility was entitled to state tort immunity from a claim that he had battered an inmate by slamming the inmate's head into a door and beating the inmate while escorting him across prison grounds).

The GTCA contemplates substituting the state government entity employer as a defendant when its state officers or employees have been improperly named as an individual for an act or omission for which the state is liable. O.C.G.A. § 50-21-25(b). However, substituting the Georgia Department of Corrections for the individually named Defendants in their individual capacities would be futile in this case. As previously stated, the GTCA provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees; however, it does not waive the State's sovereign immunity for tort actions brought against the State in federal court. O.C.G.A. § 50-21-23(b). As a result, the Georgia Department of Corrections, if substituted for the individually named Defendants in their official capacities, would also be immune in this lawsuit.[1]

The GTCA provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees; however, it does not waive the State's sovereign immunity for tort actions brought against the State in federal court. O.C.G.A. § 50-21-23(b). As a result, Defendants are immune from suit in federal court

---

[1] If Plaintiffs wish to pursue state law tort claims against the Georgia Department of Corrections for alleged torts arising from the allegations stated in their Amended Complaint, they should do so in a separate action brought in the courts of the State of Georgia. See O.C.G.A. §§ 50-21-25(b) and 50-21-23(b).

AO 72A
(Rev. 8/82)

in their official capacities, and Plaintiffs' state law tort claims against Defendants in their official capacities should be dismissed.

Plaintiffs' lengthy discussion of qualified immunity need not be addressed. Defendants did not move for dismissal on the basis of qualified immunity, and the undersigned has not recommended dismissal on that basis.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint be **GRANTED** in part and **DENIED** in part.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)