IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 AUG 26 A 11: 56

CLERK
SO. DIST. OF GA.

LANARD WILLIAMS; CHRISTOPHER
MABRY; CEDRIC CALDWELL;
and AVERY RICHARD,

Plaintiffs,

v.

STEVEN UPTON, Warden;
WENDELL FOWLER, Deputy
Warden; DANE DASHER, Deputy
Warden; and CHRIS TUCKER,
Correctional Officer,

Defendants.

CIVIL ACTION NO.: CV611-011

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, who were incarcerated at Georgia State Prison in Reidsville, Georgia, through counsel, filed a cause of action pursuant to 42 U.S.C. § 1983, as amended. Defendants filed a Motion for Summary Judgment, and Plaintiffs filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiffs assert that a fire occurred in the E-1 dormitory on February 2, 2009, and, at the time of the fire, Defendant Tucker was not at his post in the E-1 dormitory. Plaintiffs also assert that the fire alarm was set in silent mode to alert the control booth officer of a fire, but not the inmates. Plaintiffs contend that Defendant Upton allowed Defendant Tucker to be away from his post, and Defendants Fowler and Dasher knew Defendant Tucker was away from his post at the time of the fire. Plaintiffs allege that Defendants allowed the fire alarm system to be silenced and set to visual alert only,

which allowed a fire to burn unchecked for an extended period of time and resulted in the dormitory/cell areas being completely filled with heat, flames, and thick black smoke. Plaintiffs aver that they were confined in their cells with no indication that they would get help.

Defendants contend that they were not deliberately indifferent to the fire and responded reasonably to the conditions. In the alternative, Defendants contend that they are entitled to qualified immunity. Defendants allege that Plaintiffs cannot show more than de minimis physical injuries resulting from the fire and cannot recover the monetary damages they seek. Defendants Upton, Fowler, and Dasher assert that they cannot be held liable based on respondeat superior principles.[1]

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that they responded in a reasonable manner to the fire which an unknown inmate set on February 2, 2009, in the E-1 dormitory. Defendants assert that Defendant Tucker was helping another dorm officer escort inmates to the showers in the E-2 dorm. Defendants contend that the E building (which has four dormitories) has a centrally located control room, and Officers Arlene Hunt and Stacy Thrift staffed the control room on the date at issue. Defendants assert that Officer Thrift was monitoring the activity in the E-1 and E-2 dorms, both visually and audibly. Defendants also assert that the officers in the E building were in radio communication with each other. Defendants allege that, while Defendant Tucker and Officer Brandon Vinson

---

[1] Defendants aver once again that Plaintiffs Caldwell and Williams did not exhaust their available administrative remedies. Although Defendants cite to deposition testimony given by Plaintiffs Caldwell and Williams, which the Court did not have benefit of having on previous occasions, the Court addresses this averment only to note that the Court will not rule on whether these two (2) Plaintiffs exhausted their available remedies before filing this cause of action. To entertain this contention would be the third time this Court addressed this argument.

AO 72A
(Rev. 8/82)

were in the E-2 dormitory running the showers, Officer Thrift needed to go to the restroom. Defendants aver that Officer Thrift confirmed that the E-1 dormitory was clear and asked Officer Jennifer Gibson to monitor the E-1 and E-2 dormitories while Officer Thrift remained in radio contact. Defendants allege that Officer Gibson reported that she smelled smoke within seconds of Officer Thrift having stepped away from the control room. Defendants contend that Officer Thrift immediately returned to the control room, noticed smoke and a small fire in the E-1 dorm, and made a 10-70 call for all available officers to come assist with the fire. Defendants assert that numerous officers, including Defendants Upton, Fowler, and Dasher, responded to the call in less than two (2) minutes after the call. Defendants contend that Defendant Upton ordered the evacuation of all inmates from the dorm, and the evacuation lasted approximately fifteen (15) minutes. Defendants note that the only damage caused by the fire was to a television set, a tray cart, and a wall, but there was no structural damage. Defendants assert that all of the inmates were seen by medical staff upon evacuation from the dorm and that none of the Plaintiffs suffered a significant injury as a result of the fire. Defendants also assert that Plaintiffs fail to show that Defendants were deliberately indifferent to the potential of a fire.

Plaintiffs assert that, at the time the fire started in the E-1 dormitory, Defendant Tucker and the control room officer were away from their posts.[2] Plaintiffs also assert that, by the time officers noticed the fire, enough smoke was in the dormitory to appear as if someone had turned off the lights. Plaintiffs contend that the fire burned for fifteen

---

[2] Plaintiffs did not file a brief in Response to Defendants' Motion for Summary Judgment. Instead, Plaintiffs' counsel submitted two (2) duplicate Statements of Undisputed Material Facts and Challenges to Defendants' Statement of Undisputed Material Facts. These duplicative pleadings also seem to contain counsel's notes. The undersigned has attempted to fashion a response from Plaintiffs' Undisputed Material Facts.

AO 72A
(Rev. 8/82)

to twenty (15-20) minutes before Defendant Tucker was able to see the fire and call for help.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004).

AO 72A
(Rev. 8/82)

Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

### A. The Fire

Viewing the evidence in the light most favorable to Plaintiffs, the evidence before the Court indicates that, on February 2, 2009, there were approximately 50 inmates housed in the E building at Georgia State Prison. (E.g., Doc. No. 82-1, p. 14). Plaintiffs were located in different areas of the E building, which consisted of four dormitories and three levels, at the time the fire started. The fire started around "midday", "sometime around noon", or "around lunchtime." (Doc. No. 82-1, p. 12; Doc. No. 82-4, p. 16). None of the Plaintiffs saw the fire start, and, in fact, one Plaintiff (Williams) was asleep at the time the fire started. (Doc. No. 82-4, p. 15). The fire burned and caused a lot of smoke to fill the E building for at least 15 minutes to as many as 45 minutes before each Plaintiff was evacuated from the building. (Doc. No. 82-1, p. 15; Doc. No. 82-2, pp. 17—19; Doc. No. 82-3, p. 18; Doc. No. 82-6, pp. 16—17; Doc. No. 83-1, pp. 12—13). Once an officer or officers reached each Plaintiff for evacuation, that Plaintiff was moved quickly outside the E building. (Doc. No. 82-1, p. 14; Doc. No. 82-4, p. 17; Doc. No. 83-1, p. 14).

AO 72A
(Rev. 8/82)

Other evidence of record reveals that Defendants' version of events does not differ dramatically from that of Plaintiffs' version. According to Defendants, Officers Thrift and Gibson were working the control room of the E building while Defendant Tucker and Officer Vinson were running the showers in the E-2 dormitory. (Doc. No. 81-1, p. 3). Officer Thrift had to use the restroom and asked Officer Gibson to watch her area of responsibility on the monitors. (Doc. No. 80-4, p. 45). Officer Gibson almost immediately informed Officer Thrift that she smelled smoke. (Id. at p. 43). In no more than five (5) minutes' time, Officer Thrift made a 10-70 call for officer assistance for a fire. (Doc. No. 80-4, pp. 41—42; Doc. No. 81-4, p. 2). This call was made at approximately 12:30PM. (Doc. No. 81-1, p. 3). Within minutes, the fire department dispatched a fire truck, (Doc. No. 81-1, p. 19), and many other officers, including Defendants arrived in the area to assist with the evacuation of E building. (Doc. No. 79-2, p. 1; Doc. No. 81-1, p. 4; Doc. No. 81-2, p. 1; Doc. No. 81-3, p. 1). The evacuation of the entire E building took approximately 15 to 30 minutes. (Doc. No. 79-2, p. 3).

There is no evidence before the Court which indicates Defendants were deliberately indifferent to the threat to Plaintiffs' (and all inmates') safety due to a risk of fire. In fact, the only evidence before the Court is that this fire was started by an unknown inmate without warning and that there had not been any fire incidents in the E building at Georgia State Prison prior to February 2, 2009. The evidence also indicates that, once the fire was noticed by staff, it took approximately 30 minutes to evacuate the building. Considering officers had to contend with moving 50 inmates to safety, as well as themselves, and had to unlock many cell doors on three levels in an admittedly

chaotic situation, 30 minutes for an evacuation is not an unreasonable length of time. Once officers reached each Plaintiff, that Plaintiff was moved quickly out of the building. An emergency count was conducted at 1:00PM. (Doc. No. 81-1, p. 15). Plaintiffs offer no evidence that, had Defendant Tucker been in the E-1 dorm at the time the fire started, the inmates would have been evacuated any quicker than they were or that the fire would not have occurred at all.

The Court recognizes Plaintiffs' contention that the E building did not have working sprinklers or an alarm. Even accepting this contention as true, the absence of these items does not, *ipso facto*, indicate that Defendants were deliberately indifferent to the Plaintiffs' safety.[3] At most, this absence indicates negligence, which is not actionable under section 1983. See Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013) (the negligent failure to protect an inmate from an attack cannot justify section 1983 liability). There is no evidence that, even if this safety equipment had been in working condition on the date of the fire, Defendants would have been able to respond or evacuate the inmates any quicker than they did. In addition, there is no evidence that Defendants were subjectively aware of any risk of harm to Plaintiffs and that they ignored that risk. In short, Plaintiffs fail to produce evidence which reveals that there is a genuine dispute as to any fact material to this portion of their deliberate indifference claim.

---

[3] There is at least some evidence that the sprinklers were operational and activated during the fire. (Doc. No. 81-1, p. 2).

AO 72A
(Rev. 8/82)

## B. Medical Attention

The evidence before the Court shows that Plaintiffs received medical attention shortly after they were evacuated from the E building.[4] (Doc. No. 79-2, p. 22; Doc. No. 80-3, p. 40; Doc. No. 80-4, p. 25). Not one of the Plaintiffs was burned as a result of the fire, though they did inhale smoke into their lungs and experienced chest pains as a result. (Doc. No. 79-2, p. 22; Doc. No. 80-3, p. 40; Doc. No. 80-4, p. 25; Doc. No. 82-1, p. 29; Doc. No. 82-2, pp. 17—19; Doc. No. 82-4, pp. 9, 17; Doc. No. 82-6, pp. 7, 19, 22; Doc. No. 83-1, pp. 14—15). Each Plaintiff was checked for smoke inhalation. Plaintiffs' vital signs were stable, and there were no injuries noted. (Doc. No. 82-2, p. 32; Doc. No. 82-4, p. 44). Plaintiff Caldwell stated that he received oxygen to help him breathe for 30 to 40 minutes after the fire and his evacuation. (Doc. No. 82-6, p. 22). Even if this medical attention were cursory in nature, such a contention does not provide a sufficient basis to survive a motion for summary judgment. Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (noting that compliance with the Eight Amendment does not require prison provided medical care to "be perfect, the best obtainable, or even very good."). In addition, there is no evidence that any Plaintiff had any lasting injuries as a result of the fire or breathing in smoke. At most, Plaintiff Caldwell stated that he was coughing up "stuff" for four to five (4—5) days after the fire, but he also stated that he was seen by medical personnel on at least two (2) occasions within a week of the fire's occurrence. (Doc. No. 82-2, p. 17; Doc. No. 82-6, pp. 7, 22, 27; Doc. No. 82-7, p. 30).

---

[4] The undersigned notes that Plaintiffs did not name any medical care providers as Defendants in this case. The named Defendants would not be responsible for the kind of medical care Plaintiffs received, only for ensuring that Plaintiffs received some sort of medical attention after the fire, if Plaintiffs had exhibited signs of having serious medical needs.

AO 72A
(Rev. 8/82)

Plaintiffs have not presented evidence which reveals a genuine dispute as to any fact material to this portion of their deliberate indifference claim. The evidence reveals that Plaintiffs received medical attention very shortly after the fire. The evidence does not reveal, however, that any Plaintiff had a serious medical need and that the named Defendants were deliberately indifferent to that need.

As Plaintiffs have not sustained their Eighth Amendment claims, it is unnecessary to address the remaining portions of Defendants' Motion. Myers v. Bowman, 713 F.3d 1319, 1328-29 (11th Cir. 2013) (stating that a supervisor cannot be held liable under § 1983 unless the supervised official committed an underlying violation of a constitutional right); Martinez v. Burns, 459 F. App'x 849, 851 (11th Cir. 2012) (qualified immunity defense need not be address if the plaintiff cannot sustain a constitutional violation).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiffs' Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)